### Wilder P. Bowers, Appellant, v. James T. Jarrell et al., Appellees.

#### Gen. No. 23,141.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Reversed and remanded with directions. Opinion filed April 16, 1918.

### Statement of the Case.

Bill by Wilder P. Bowers, complainant, against James T. Jarrell; Pulaski Lumber Company; John A. Wickum; Thomas F. Kelly; M. Stangarone; Thomas C. Naylor; A. Slevin, trading as Kedzie Fixture Company; American Heating & Plumbing Corporation, defendants, to foreclose a mortgage on the premises of defendant Jarrell. From a decree of foreclosure by which certain claims for mechanics' liens were held to be superior to the trust deed foreclosed, complainant appeals.

JOHN A. BROWN and JAMES A. DONNELLY, for appellant.

J. E. CRAWFORD, for appellee Stangarone.

MATHER & HUTSON, for appellee Pulaski Lumber Company; CLAUDE R. CHURCH, of counsel.

J. S. DUDLEY, for appellee American Heating & Plumbing Corporation.

SILBER, ISAACS, SILBER & WOLEY, for appellee Slevin; MARTIN J. ISAACS, of counsel.

HOLLETT, SAUTER & HOLLETT, for appellee Naylor.

MR. JUSTICE MATCHETT delivered the opinion of the court.

## Abstract of the Decision.

1. MECHANICS' LIENS, § 135*—*when waivers of liens and receipts given by unpaid contractors and subcontractors to owner are based upon sufficient consideration.* Where a trust deed is given to the vendor of land to secure the balance of the purchase price and it is agreed that the premises should be improved by the erection of a building and that a loan not exceeding a certain per cent. of the cost of the improvements might be made and the loan secured by a trust deed which should be a first lien upon the premises, and an agreement is made that the proceeds of the loans should not be paid to the purchaser until the liens of contractors and subcontractors should be paid, waivers of liens and receipts furnished by unpaid contractors and subcontractors to the purchaser for the purpose of enabling him to obtain the proceeds of the mortgage loan are based on sufficient consideration.

2. MECHANICS' LIENS, § 135*—*when claimants estopped to claim lien superior to second mortgage to secure purchase price.* Mechanic's lien claimants who furnish fictitious receipts and waivers of lien to the owner to enable him to procure the proceeds of a trust fund which was to be used in improvements, and the amount of which was secured by a trust deed which was a first lien upon the premises, are estopped by their receipts and waivers from claiming a lien superior to that of the vendor under a second mortgage to secure the payment of the purchase price.

3. MECHANICS' LIENS, § 135*—*who entitled to benefit of waivers of liens.* Waivers of liens which are addressed generally "to whom it may concern" are a representation to any one interested in the premises.

4. MECHANICS' LIENS, § 135*—*when contention that second mortgagee did not act upon fictitious waivers of liens is untenable.* The contention that the holder of a second mortgage on premises, the first mortgage on which was given to secure a loan for improvements, did not act upon fictitious waivers of liens by contractors and materialmen given to the mortgagor to enable him to procure funds out of the loan, is untenable where the second mortgagee relied upon the trustee having charge of the funds to protect him and such trustee in acting upon these representations in fact acted for the second mortgagee.

5. MECHANICS' LIENS, § 135*—*when second mortgagee injured by procurement by mortgagor of false waivers of liens and receipts.*

Bowers v. Jarrell, 210 Ill. App. 256.

A second mortgagee is injured by the procurement by the mortgagor of false waivers of liens and receipts from contractors and subcontractors for the purpose of obtaining proceeds of a loan to be used for improvements from a trustee holding such funds, where such procurement was in violation of an agreement between the mortgagor, mortgagee and such trustee that the funds should not be paid to the mortgagor until he had made advancements sufficient to take care of all claims of contractors and subcontractors that might imperil the lien of the second mortgagee, and it is immaterial that the liens of the claimants might be superior to the lien under the trust deed if the waivers had not been executed.

6. · MECHANICS' LIENS, § 125*—*when attach.* A mechanic's lien attaches from the time the contract is made. It attaches to the interest of those who make the contract, and to that of all those who authorize or knowingly permit such contract to be made.

7. TORRENS ACT—*effect of Mechanics' Liens Act upon as to filing and registering claims for liens.* The Mechanics' Liens Act of 1903 (J. & A. ¶ 7139 *et seq.*), although a later enactment than the Torrens Act, did not have the effect of operating to repeal sections 89, 90, 92 of the latter Act (J. & A. ¶¶ 2365, 2366, 2368), relating to the filing and registering of claims for mechanics' liens.

8. MECHANICS' LIENS, § 204*—*when general payments applied on unsecured claims.* Although a part of property against which it is sought to enforce mechanics' liens has not been registered as required by sections 89, 90, 92 of the Torrens Act (J. & A. ¶¶ 2365, 2366, 2368), a court of equity. will apply general payments which have been made on account of all the claims to the unsecured portion thereof.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.